ORIGINAL

1 | Roxann E. Henry (DC Bar No. 231282; *pro hac vice to be submitted*)
2 | Peter E. Moll (DC Bar No. 351569; *pro hac vice to be submitted*)
  | HOWREY LLP
3 | 1299 Pennsylvania Avenue, N.W.
  | Washington, DC 20004
4 | Tel.: (202) 383-6503
  | Fax: (202) 383-6610
5 | Email: henryr@howrey.com
  |        mollp@howrey.com

7 | Leigh A. Kirmssé (SBN 161929)
  | HOWREY LLP
8 | 525 Market St., Suite 3600
  | San Francisco, CA 94105-2708
9 | Telephone : (415) 848-4993
  | Facsimile : (415) 848-4999
10| Email: kirmssel@howrey.com

11| Attorneys for Nestlé USA, Inc.

FILED
08 JUL 30 AM 9: 18
RICHARD W. WIEKING
[CLERK U.S.] DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN CANDIDO, on behalf of himself and a class of persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE HERSHEY COMPANY, et al.,<br><br>Defendants. | Case No. 3:08-cv-00543-JSW<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 13-2)**<br><br>RE: *Weaver v. Nestlé USA, Inc.*, Case No. CGC-08-476890 (San Francisco County Superior Court) (Federal case number not yet known) |

---

Defendant Nestlé USA files this Administrative Motion to Consider Whether Cases Should Be Related pursuant to Civil Local Rule 3-12(b). For the reasons set forth below, Defendant respectfully submits that the standard set forth in Local Rule 3-12 is met.

## I. The Prior Action

1. To date, 84 class action cases have been filed nationwide alleging a conspiracy to fix the price of chocolate confectionary products sold in the United States. Among the 84 cases are several purported class actions filed on behalf of California citizens, including *John Candido v. The Hershey Company et al.*, Case 3:08-cv-00543-JSW ("*Candido*" or the "Prior Action"), filed on January 24, 2008.

2. The *Candido* complaint alleges a conspiracy among chocolate manufacturers to fix the price of chocolate sold in the United States. Candido Compl. at ¶ 1. The putative class in *Candido* is also defined as "[a]ll person and or entities residing in the State of California . . . who or which directly or indirectly purchased Chocolate in the State of California for their own use and not for resale, at any time during the period beginning February 2002 and continuing through [January 24, 2007]." *Candido* Compl. at ¶ 29. The *Candido* complaint further alleges violations of both federal and California state law, including California's Cartwright Act and Unfair Competition Act. *Candido* Compl. at ¶¶ 71-85. The *Candido* complaint does not disclose or cap the amount of damages, and seeks attorneys' fees and treble damages. *Candido* Compl. at ¶ 90.

3. The United States Judicial Panel on Multidistrict Litigation (the "Panel") has consolidated these cases, including *Candido*, and transferred them to the Middle District of Pennsylvania for a consolidated proceeding titled *In re Chocolate Confectionary Antitrust Litigation*, MDL No. 1935. Cases such as these continue to be filed, and are noted as tag-along actions.

## II. The Present Action

4. On June 28, 2008, five months after the Prior Action was filed in this Court, the plaintiff in the present action, Joshua A. Weaver, filed an action in the Superior Court for the State of California for the County of San Francisco, individually and on behalf of all other similarly situated persons, under the caption *Joshua A. Weaver v. Nestlé USA, Inc.* (the "Present Action").

5.  In the Present Action, Plaintiff alleges that Nestlé USA and its co-conspirators "unreasonably restrain[ed] and fix[ed] price[s] in the market for chocolate confectionary products." Compl. at ¶ 73. Plaintiff alleges that the conspiracy began "in 2002 and continu[ed] until at least approximately 2008." Compl. at ¶ 1. The putative class is defined as "[a]ll California residents who purchased Defendants' chocolate confectionary products in California from 2002 to [June 27, 2008], excluding persons purchasing directly from the Defendant and its co-conspirators." Compl. at ¶ 12. Plaintiff alleges violation of the California Business & Profession Code § 1670 ("Cartwright Act"), and § 17200 ("Unfair Competition Act"), unjust enrichment, civil conspiracy, and seeks an undisclosed and uncapped amount of damages, including attorneys' fees and treble damages. Compl. at ¶¶ 72-84. Nestlé emphatically denies the allegations set forth in the complaint, and expressly reserve all rights to answer or otherwise respond to the complaint.

### III. The Present Action is a "Related Case" to the Prior Action

6.  Civil Local Rule 3-12(a) defines a "related case" as follows:

> An action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

7.  The first prong of Civil L.R. 3-12(a) is met here because the Prior Action and the Present Action "concern substantially the same parties . . . transaction or event."

8.  The second prong of Civil L.R. 3-12(a) also is met. The Prior Action and the Present Action involve substantially the same legal precedents and standards, which require substantially the same factual and economic analyses. Consequently, it appears likely that there will be an "unduly burdensome duplication of labor and expense" if the cases are conducted before different judges. Similarly, since the two actions involve substantially the same legal issues, it appears likely that there may be conflicting results if the cases are conducted before different judges.

### IV. Conclusion.

Defendant Nestlé USA respectfully submits that the Present Action is "related to" the Prior Action under Civil L.R. 3-12, and accordingly, that an Order of Related Case is warranted. Pursuant to

1 | Civil L.R. 7-11, Defendant submits herewith a Proposed Order and the Declaration of Leigh A.
2 | Kirmssé explaining why a stipulation could not be obtained.

3 | Dated: July 30, 2008     By: _____

Roxann E. Henry (DC Bar No. 231282; *pro hac vice to be submitted*)
Peter E. Moll (DC Bar No. 351569; *pro hac vice to be submitted*)
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004
Tel.: (202) 383-6503
Fax: (202) 383-6610
Email: henryr@howrey.com
          mollp@howrey.com

Leigh A. Kirmssé (SBN 161929)
HOWREY LLP
525 Market St., Suite 3600
San Francisco, CA 94105-2708
Telephone : (415) 848-4993
Facsimile : (415) 848-4999
Email: kirmssel@howrey.com

*Attorneys for Nestlé U.S.A., Inc.*

21366098